## LOCKHART v. SOUL, Rec.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8120. Decided Jan. 23, 1928.

Middleton, PJ., Mauck and Thomas, JJ., of the 4th Dist., sitting.

First Publication of This Opinion.

Syllabus by Editorial Staff.

1002. RECEIVERS—681. Jurisdiction—798. Municipal Court.

1. Municipal Court of Cleveland is without authority to appoint general receiver.

2. Where judgment has been obtained and receiver is appointed for purpose of collecting this judgment, and receiver has disposed of some of the assets of company, and has on hand enough money to satisfy such judgment, object of receiver's appointment having been fulfilled, his powers end.

396. DIRECTED VERDICT — 923. Pleadings — 313. Corporations.

In action to recover balance alleged to be due on stock subscription, where there has been no judicial determination of insolvency, defense of fraud in procurement of subscription is available, and creates issue for determination of jury.

Thompson, Hine & Flory, Cleveland, for Lockhart.

Vickery & Vickery, Cleveland, for Soul, Rec.

STATEMENT OF FACTS.

Defendant in error brought an action against plaintiff in error to recover a balance alleged to be due on a stock subscription in the Conservative Mortgage & Guaranty Co. and the cause was submitted to a jury. On the pleadings and opening statement of counsel, the court sustained a motion to direct a verdict for the defendant in error. Plaintiff in error complains that such action by the court was unwarranted and contrary to law. His objections to the ruling of the court are based on three grounds, namely:

1. That the Municipal Court was without power to appoint a general receiver.

2. That the receiver appointed was only a special receiver and his authority was limited to collecting only enough assets to satisfy a judgment obtained by J. B. Dworkin against the Mortgage and Guaranty Co.

3. That the issues raised by the pleadings required the case to be submitted to the jury for determination.

THOMAS, J.

"Taking up these questions in order presented—First, Has the Municipal Court authority to appoint a general receiver?

The plaintiff below contends that the Municipal Court has the power to appoint receivers the same as the Court of Common Pleas. Courts of Common Pleas are invested with such powers by favor of Section 11894 GC.

The authority given to the Municipal Court of Cleveland is found in Section 1579-11 of the General Code.

The Municipal Court of Cleveland has no jurisdiction in cases involving claims in excess of $2,500. In the administration of a receiver's trust claims may be presented involving millions of dollars. If this court had the same powers as the Court of Common Pleas it could appoint a receiver for the New York Central Railroad Co. in a suit for the recovery of $100.

It may be observed that the petition of the plaintiff does not state that it was necessary to bring this action against the defendant in order to realize upon the Dworkin judgment. Our conclusion is that the Municipal Court of Cleveland is without authority to appoint general receivers.

The next question to be determined is: Was the defendant in error, as special receiver, authorized to bring the action against the plaintiff in error? At the time of his appointment a judgment had been obtained against the Mortgage & Guaranty Co., and the receiver was appointed only for the purpose of collecting this judgment. Previous to, or at the time of the appointment, an execution had been issued and certain personal property had been levied upon, also proceedings in aid of execution had been instituted. The receiver had disposed of some of the assets of the company and had on hand more than enough money to satisfy said judgment. Consequently, the object of his appointment having been fulfilled, his powers ended. He was therefore without authority further to act. His duties having ended, he was without authority to maintain the action against the plaintiff in error.

The remaining question to be disposed of is: Did the court err in directing a verdict for the defendant in error? Was there a question of fact to be determined by the jury? The answer of the defendant below pleaded fraud in the procurement of the subscription. It averred that the prospectus, or representations rather, made by the agent of the company at the time were at variance with the articles of incorporation; that the subscriptions were made on the representations that the company was to be organized for the purpose of loaning money on first and second mortgages whereas the charter of the company permitted it to, and it was organized for, the purpose of buying and selling real estate, erecting and maintaining buildings, loaning money and so forth. This may not have been a defense if the company, at the time, was insolvent. It was assumed by the court that the company was insolvent. There had been no judicial determination of this fact. It was not for this reason that a receiver had been appointed. If the company was solvent this defense was available to the plaintiff in error. It is our opinion that here was an issue for the determination of the jury.

For the foregoing reasons the judgment of the lower court is reversed and this cause is remanded for further proceedings."
(Middleton, PJ., and Mauck, J., concur.)